# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| David Antwan Fowler, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6:25-cv-12837-TMC |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| State of South Carolina; Joe Kernell, ) | |
| *County Administrator*; Hobart Lewis, ) | |
| *Sheriff*; Ernest Michael Patrick ) | |
| O'Brien, Sr., *Magistrate*; L.T. ) | |
| Simmons, *Magistrate*; Deputy Shawn ) | |
| L Pritchett; Alan Wilson, *Attorney* ) | |
| *General*; Commission of Lawyer ) | |
| Conduct; The House of ) | |
| Representatives; Mark Keel, *Chief of* ) | |
| *S.L.E.D.*,[1] ) | |
| Defendants. ) | |
| _____) | |

Plaintiff David Fowler, proceeding *pro se* and *in forma pauperis*, (ECF No. 7), filed this action pursuant to 42 U.S.C. § 1983, (ECF No. 1). Now before the court is the magistrate judge's Report and Recommendation,[2] recommending the court dismiss this action without issuance and service of process and without leave to amend. (ECF No. 8). Plaintiff filed objections to the Report, (ECF No. 11), and this matter is ripe for review.

---

[1] Though not listed on the docket, Plaintiff also names as a defendant in this action the Commission on Judicial Conduct. (ECF No. 1 at 4). As this case is subject to summary dismissal, it has not been served on any defendant. Nonetheless, the Clerk's Office is directed to correct the docket to show that "Commission on Judicial Conduct" was also named in this action.

[2] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings.

**BACKGROUND**

Plaintiff alleges he was arrested while at a friend's house on July 3, 2025, and that Deputy Shawn Pritchett took him to jail. (ECF No. 1-1 at 1). At the Greenville County Detention Center, Plaintiff was given multiple warrants, one which was signed by Judge Letonya Simmons and the others which were signed by Judge Ernest O'Brien. *Id*. Plaintiff states he "was put on the news as Greenville[']s most wanted, which claimed [he] was wanted for traffic[k]ing and . . . was armed and dangerous." *Id*. He claims the Sheriff's Department broke the windows to his mother's truck and searched it, claiming they had a warrant. *Id*. Plaintiff contends the search of the truck "was the alleged reason [he] was tied to all this" and that "[t]here's nothing that tied [him] to all of this, no controlled buys, no surveillance." *Id*. He provides he has been held in the Greenville County Detention Center since July 3, 2025, that he was denied bond after being told an officer found 50 grams of meth in his home, and that he has been informed he has a preliminary hearing scheduled for October 9, 2025. *Id*. at 2.

Plaintiff purports to bring claims under the Fourth Amendment, alleging violations of the "Neutral and Detached Clause" and illegal search and seizure. (ECF No. 8 at 1) (citing ECF No. 1 at 5). He also attempts to raise a RICO claim and cites to the South Carolina Constitution and multiple state statutes, noting unlawful searches and seizures, invasion of privacy, equal protection, illegal arrest, breach of duty, and a violation of separation of powers. *Id*. When asked about the facts underlying his claims, Plaintiff provided: "negligent hiring, negligent entrustment, failure to direct, failure to supervise, failure to discipline, failure to train, false imprisonment, unlawful search and seizure, [and] denial of civil rights." *Id*. at 6. For injuries, he provided "N/A." *Id.* at 7. Plaintiff seeks injunctive relief, directing the magistrates into a summary court and out of law enforcement centers and for Judge O'Brien and Judge Simmons to be prosecuted. *Id*. He also

seeks compensatory and punitive damages of $4.5 million dollars and declaratory relief concerning his Fourth Amendment rights. *Id*.

The magistrate judge issued a Report and Recommendation ("Report"), concluding Deputy Pritchett is entitled to dismissal because the only allegation Plaintiff asserted against him was that Pritchett took Plaintiff to jail based on arrest warrants, which is insufficient to establish a claim. (ECF No. 8 at 10). He further found Judge O'Brien and Judge Simmons are also subject to dismissal because they are entitled to judicial immunity. *Id*. at 6. As to the remaining defendants, the magistrate judge determined the State of South Carolina, Alan Wilson, Joe Kernell, Hobart Lewis, the Commission on Lawyer Conduct, the House of Representatives, and Mark Keel, who appear to be named because of their administrative and supervisory roles, are subject to dismissal because Plaintiff failed to allege facts establishing a claim for supervisory liability. *Id*. at 6-7.[3]

The magistrate judge continued, finding Plaintiff's claims are also subject to dismissal because Plaintiff has not alleged facts of a cognizable constitutional violation under § 1983, noting that Plaintiff's Fourth Amendment probable cause claim rests on the meritless contention that the magistrate judges who issued the warrants were not neutral and detached because they share the same address as the law enforcement center and that Plaintiff's malicious prosecution claim fails because Plaintiff has not alleged facts showing that the criminal proceedings ended without a conviction. (ECF No. 8 at 10-13). *See also* (ECF No. 8 at 13-15) (addressing Plaintiff's citations to various state and federal statutes and explaining why they do not provide sufficient basis for relief). Finally, the magistrate judge determined the court should abstain from interfering with the

---

[3] The magistrate judge also concluded the State of South Carolina is not a person within the meaning of 42 U.S.C. § 1983, that the State, the House of Representatives, and the Commission on Lawyer Conduct are immune from suit under the Eleventh Amendment, and that, to the extent Plaintiff attempts to bring claims against Wilson in his official capacity, Wilson is likewise immune from suit under the Eleventh Amendment. (ECF No. 8 at 9).

state court proceedings under *Younger v. Harris*, 401 U.S. 37 (1971). *Id*. at 15-16. Plaintiff filed objections to the Report (ECF No. 11), which the court will review in accordance with the standard set forth below.

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report ***to which a specific objection*** is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460-61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985))).

## DISCUSSION

In his objections, Plaintiff reiterates that he believes the magistrate judges named as defendants in this case were not neutral and detached and have been "acting as an adjunct law enforcement officer with the deputies and police of Greenville[,] South Carolina" outside their jurisdiction. (ECF No. 11 at 1-2). Plaintiff, however, does not provide any factual basis supporting this notion other than that the magistrate judges share an office address with law enforcement. (*Id*; ECF No. 1-1 at 3-4). Elsewhere in his objections, Plaintiff appears to contest that magistrate judge's finding that Judge O'Brien and Judge Simmons are entitled to judicial immunity. *See* (ECF No. 11 at 4) (where Plaintiff makes general assertions that "judges are deemed to know the law"

5

and that ignorance of the law is not covered under judicial immunity). Because issuing a warrant is a judicial act within the subject matter jurisdiction of Judge O'Brien and Judge Simmons and because Plaintiff has set forth no legitimate challenge to their jurisdiction to issue such warrants, the court agrees with the magistrate judge and finds Judge O'Brien and Judge Simmons are entitled to judicial immunity and dismissal from this action. *See Forrester v. White*, 484 U.S. 219, 227 (1988) (explaining the doctrine of judicial immunity "is justified and defined by the *functions* it protects and serves, not by the person to whom it attaches") (emphasis in original); *Gibson v. Goldston*, 85 F.4th 218, 223 (4th Cir. 2023) (acknowledging that judicial immunity "protects the judicial acts [judges] undertake as part of their public service," and explaining immunity "is absolute" and "not only protects judges from ultimate liability in a case, but also serves as a complete bar to suit"). *See also Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (providing "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction'") (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)); *Benson v. O'Brien*, 67 F. Supp. 2d 825, 831 (N.D. Ohio 1999) (finding "[t]he issuance of a warrant falls within the realm of 'judicial acts'" and that "[b]ecause issuing a warrant is a function normally performed by a judge, absolute immunity should be granted to the judicial defendants" in this case) (quoting *Liffiton v. Keuker*, 850 F.2d 73, 76 (2nd Cir. 1988)).

Plaintiff next objects to the magistrate judge's findings as to Alan Wilson and Mark Keel and Plaintiff's attempt to bring a supervisory liability claim against them. (ECF No. 11 at 2-3). While Plaintiff raises a number of allegations regarding these individual's responsibilities (*id*.; ECF No. 1-1 5-6), he has failed to plead sufficient allegations to state a supervisory claim. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (explaining that, to establish a supervisory

liability claim under section 1983, a plaintiff must establish the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk of constitutional injury," that the supervisor's responses to such knowledge reflected "deliberate indifference to or tacit authorization of the alleged offensive practices," and that there was an "affirmative causal link between . . . the supervisor's inaction and the particular constitutional injury suffered by the plaintiff") (internal quotation marks omitted).  For example, here, Plaintiff has failed to allege facts supporting that there was an affirmative causal link between these defendants' inaction and Plaintiff's alleged constitutional injury.[4]  Accordingly, the court adopts the magistrate judge's finding and dismisses these individuals from this case.

Plaintiff does not object to the magistrate judge's finding that Pritchett, the State of South Carolina, Joe Kernell, Hobart Lewis, the Commission on Lawyer Conduct, and the House of Representatives should be dismissed as parties to this case.[5]  Accordingly, over no objection from Plaintiff and finding no clear error, the court adopts the magistrate judge's finding that the remaining defendants be dismissed from this action.[6]

---

[4] Moreover, Plaintiff failed to address the magistrate judge's finding that Alan Wilson is entitled to immunity from suit in his official capacity. The court finds no clear error in the magistrate judge's finding on this point.

[5] To be sure, the only time he references any of these defendants in his objections is in the following sentence:  "'Whoever, by virtue of public position like Alan Wilson, Mark Keel, Hobart Lewis, Ernest O'Brien, L.T. Simmons, Shawn Pritchett under state government, denies or takes away the equal protection of the laws, violates the constitutional inhibition; and as he acts in the name and for the state and is clothed with the states power, his act is that of the state.'" (ECF No. 11 at 5).

[6] Although the Commission on Judicial Conduct was not mentioned in the Report, out of an abundance of caution, the court makes a specific finding herein that the Commission on Judicial Conduct, like the Commission on Lawyer Conduct, is not a proper party to this case and is therefore dismissed. *See, e.g.*, *Tracey v. Nelson*, No. 1:12–cv–01614–JMC, 2012 WL 4588205, *2 (D.S.C. Oct. 1, 2012) (adopting the magistrate judge's finding that the State of South Carolina and other state entities are immune from suit under the Eleventh Amendment); *Marshall v. Ninth Circuit Solicitor's Office*, No. 2:20-cv-2993-RMG-MGB, 2022 WL 2500208, *5 (D.S.C. April 12, 2022) (recommending the plaintiff's § 1983 claim against attorneys working for the Commission

Finally, as noted, in addition to damages, Plaintiff seeks equitable relief in the form of, among other things, a declaration concerning his Fourth Amendment rights. (ECF No. 1 at 7). The magistrate judge found that "[l]iberally construed, Plaintiff's allegations are essentially a challenge to the underlying warrants resulting in his charges and present incarceration" and that "[s]uch claims are not properly before this Court based on the *Younger* abstention doctrine." (ECF No. 8 at 15). The magistrate judge determined abstention from such claims is appropriate because there are ongoing state judicial proceedings that implicate important state interests and that there is an adequate opportunity to raise Plaintiff's constitutional claims in the state proceedings. *Id*. at 16. He concluded, stating "[a] ruling in Plaintiff's favor in this case would call into question the validity of the state court criminal proceedings against him and would significantly interfere with those ongoing state proceedings." *Id*.

The court agrees with the magistrate judge's findings. While Plaintiff posits the bad faith/harassment exception to the *Younger* doctrine applies, (ECF No. 11 at 6), he has failed to set forth sufficient allegations to warrant the application of this exception. *See Wood v. Olejasz*, No. 1:21-cv-103, 2021 WL 4450270, at *3 (N.D.W. Va. Aug. 10, 2021) (recognizing "[t]o prevail under the bad faith exception, the [plaintiff] must show 'a prosecution has been brought without a reasonable expectation of obtaining a valid conviction'") (quoting *Suggs v. Brannon*, 804 F.2d 274, 278 (4th Cir. 1986)); *Salartash v. Chaudhry*, No. 3:25-cv-4 (RCY), 2025 WL 711960, at *7 (E.D. Va. March 5, 2025) (providing "[i]t is Plaintiff's 'heavy burden to overcome the bar' of the

---

on Lawyer Conduct be dismissed because he only alleged those defendants performed investigatory conduct within the scope of their official duties and therefore those defendants were immune from suit), *adopted by* 2022 WL 2155310, (D.S.C. June 15, 2022). *See also* Rule 13, RJDE, Rule 502, SCACR (stating "Members of the Commission [on Judicial Conduct], Commission counsel and staff, and disciplinary counsel and staff shall be absolutely immune from civil suit for all conduct in the course of their official duties")

*Younger* abstention doctrine by setting forth more than 'mere allegations of bad faith or harassment'") (quoting *Gilbert v. N. Carolina State Bar*, 660 F. Supp. 2d 636, 644 (E.D.N.C. 2009)). *See also Erie Ins. Exch. v. Maryland Ins. Admin.*, 105 F.4th 145, 153 n.3 (4th Cir. 2024) (noting "'there is no case since Younger was decided in which the Supreme Court has found' the [bad faith] *Younger* exception 'was applicable'") (quoting 17B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4255 (3d ed. 2023)). Accordingly, Plaintiff's objections as to this issue are **OVERRULED**.

The court declines to reach the magistrate judge's subsequent findings because the aforementioned findings are dispositive of the case.

## CONCLUSION

Accordingly, the court **ADOPTS** the recommendation in the Report (ECF No. 8), and this case is hereby **DISMISSED** without issuance and service of process and without leave to amend. Finally, though Plaintiff has been instructed not to include his full social security number on documents submitted with this court, (ECF No. 1 at 1), Plaintiff failed to follow these instructions. The court hereby instructs the Clerk of Court to redact Plaintiff's social security number from ECF No. 1-1 at 8 and 10-19.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Chief United States District Judge

Anderson, South Carolina
December 23, 2025

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.